UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                            CRIMINAL ACTION

V.                                                  NO. 11-276

JAN BREWER                                          SECTION F

ORDER AND REASONS

Before the Court is Jan Brewer's motion requesting judicial recommendation of modification of sentence to the Bureau of Prisons.  For the reasons that follow, the motion is DENIED.

**Background**

Jan Brewer pled guilty to possessing 15 or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3).  Brewer's advisory guideline range was 30 to 37 months.  However, given Brewer's extensive criminal history, the nature and circumstances of the offense, and the need to protect the public from further crimes, on May 16, 2012, the Court sentenced Brewer to an above-guideline sentence of 60 months imprisonment, to be followed by three years of supervised release.  Brewer did not appeal.  Having served 50 months of his sentence, Brewer now asks the Court to recommend to the Bureau of Prisons that his sentence be downwardly modified.

I.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 891 (2010)(quoting 18 U.S.C. § 3582(c)). Congress has provided some exceptions to that rule. One such exception states that the Court

> upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in 3553(a) to the extent that they are applicable, if it finds that . . . (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Brewer now asks the Court "to recommend a downward variance, to the BOP, of the previously imposed sentence." He suggests that his request is made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Because the exception he invokes is not triggered, Brewer is not entitled to a modification of his sentence.

Brewer submits that he has been an exemplary inmate during his 50 months of incarceration and that additional extraordinary and compelling reasons, including his mother's poor health, exist to justify reducing his prison term from 60 months to allow for his immediate release so that he may

transition into the three year term of supervised release. Even if Brewer's exemplary conduct in prison and his mother's medical distress constituted extraordinary and compelling reasons justifying a sentence reduction, it is undisputed that the exception Brewer invokes requires a "motion of the Director of the Bureau of Prisons." That prerequisite is not met here. Brewer nevertheless urges the Court to recommend that the BOP file a motion for modification. Brewer's request is betrayed by the clear text of the statutory exception; the statute plainly authorizes the Court to modify a sentence only "upon motion of the Director of the Bureau of Prisons," not the other way around.

    Accordingly, Brewer's motion requesting a judicial recommendation to the Bureau of Prisons regarding sentence modification is hereby DENIED.

New Orleans, Louisiana, January 27th 2016

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE